IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE SAUZ ORTIZ | § | CIVIL ACTION NO. |
| | § | B-01-149 |
| VS. | § | |
| | § | |
| BUCCANEER SHRIMP | § | |
| CORPORATION, M/V | § | JURY DEMANDED |
| "F.P. TOWER", MARGIE T. | § | |
| SMITH, LEONOR TOWER | § | |

United States District Court
Southern District of Texas
FILED

SEP 0 5 2001

Michael N. Milby
Clerk of Court

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOSE SAUZ ORTIZ, hereinafter called Plaintiff, complaining of BUCCANEER SHRIMP CORPORATION, AND THE M/V "F.P. TOWER" hereinafter called Defendants, and for cause of action would respectfully show unto this Honorable Court the following:

### 1.0 JURISDICTION

1.1   This court has jurisdiction over Plaintiff's claims under the provisions of Article 46, U.S.C.A, Sec. 688, commonly known as the "Jones Act", and under the "Admiralty and General Maritime Laws of the United States."

### 2.0 VENUE

2.1   Venue is proper in this District pursuant to 28 U.S.S. Section 1391 (b) (1982) in that the claim arose entirely within the Southern District of Texas.

### 3.0 PARTIES

3.1   Plaintiff, JOSE SAUZ ORTIZ, is a natural person who resides within Cameron County, Texas.

3.2  Defendant, BUCCANEER SHRIMP CORPORATION, AND THE M/V "F.P. TOWER", is a corporation duly authorized to conduct business in the State of Texas and may be served with the process by serving Margie T. Smith at 602 South Shore Drive, Port Isabel Texas, 78578.

3.3  Defendant, MARGIE T. SMITH, is an individual residing in the State of Texas and may be served with process at 602 South Shore Drive, Port Isabel Texas, 78578. The Defendant is the registered agent/owner/operator of the vessel, the M/V "F.P. Tower"

3.4  Defendant, LEONOR TOWER, is an individual residing in the State of Texas and may be served with process at 602 South Shore Drive, Port Isabel Texas, 78578. The Defendant is the registered agent/owner/operator of the vessel, the M/V "F.P. Tower"

## 4.0

4.1  Plaintiff is a seaman and in accordance with the terms of 28 U.S.C., Sec. 1916, Plaintiff files this suit for the enforcement of law enacted for his health and safety.

## 5.0

5.1  Plaintiff asserts his right to recover damages for injuries he received while employed as a seaman on the Defendant's vessel, the M/V "F.P. Tower." This cause of action is brought pursuant to the provisions of Article 46, U.S.C.A., Sec 668, commonly known as the "JONES ACT", and under the "admiralty and General Maritime Laws of the United States," involving both the doctrines of "negligence" and "unseaworthiness".

## 6.0

6.1  Plaintiff, Jose Sauz Ortiz, was injured on or about the 1st day of Feburary, 2001. At the time of and on the dates of the injuries sustained by the Plaintiff he was employed by the Defendants Buccaneer Shrimp Corporation, M/V "F.P. Tower" and Margie T. Smith aboard their vessel, the M/V "F.P. Tower", and was acting in the course and scope of his employment as a seaman at said time.

6.2  On the 1st of February, 2001, Jose Sauz Ortiz injured his back on the M/V "F.P. Tower" when performing his ordinary duties as a header on the vessel. Causing permanent damage to the Plaintiff's back in the L5-S1 area.

ClibPDF - www.fastio.com

6.3   On the 1st of February, 2001, while attempting to loosen the chains caught under the doors on the deck Plaintiff was injured. After, Plaintiff injured his back he reported his injury to rig-man and continued his duties since he didn't want to upset the captain.

### 7.0

7.1   The injuries sustained by the Plaintiff, which provides the basis for this cause of action, was the result of the negligence and gross negligence of the Defendants their master, agents, servants, and employee, and/or was the result of an unseaworthy condition of the Defendants' vessel, the M/V "F.P. Tower", including but not limited to the following particulars:

 a.   Failure to have adequate safety devices to aid employees with heavy equipment; and
 b.   Failure to have adequate assistance with jobs that require lifting heavy objects when requested specifically of the captain; and
 c.   M/V "F.P. Tower", Margie T. Smith and Leonor Tower failed to provide a safe work environment for all their employees.

7.2   Each and every act, whether of commission or omission, or any combination of said act of commission or omission, constitutes negligence and gross negligence by the Defendant shipowner or operator, its master, agents, servants, and employees, and each such act or omission, or any combination of each acts or omissions was a proximate and/or contributing cause of the injuries sustained by the Plaintiff.

7.3   The above act or acts, whether of commission or omission, and/or the operation of or the condition of the Defendants' vessel, the M/V "F.P. Tower", and/or its appurtenance, rendered the vessel unfit for its intended use and constituted a breach of an absolute duty owed by the Defendants to the Plaintiff Jose Sauz Ortiz, and such acts, omissions, operation of the vessel, or the unsafe condition of the vessel and its appurtenances constituted a condition of "unseaworthiness", and each was ans is a "contributing cause" of the injuries suffered by the Plaintiff.

### 8.0

Plaintiff would show that by reason of the injuries sustained as above alleged, he has suffered serious and painful injuries to his body. As a result of such injuries, Plaintiff has been so disabled that his earning capacity has been a will be in the future be materially diminished and impaired. Plaintiff has suffered, suffers, and will continue to suffer great and excruciating physical pain and mental anguish.

By reason of the foregoing, Plaintiff has suffered, suffers, and will continue to suffer great and excruciating physical pain and mental anguish. By reason of the foregoing, Plaintiff has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this Court.

### 9.0

9.1   Plaintiff seeks pre-judgment interest on any money damages awarded to Plaintiff, either in general damages or special damages plead herein, including, but not limited to general damages, punitive damages, maintenance and cure recovery, and reasonable attorney fees.

### 10.0

10.1   Plaintiff seeks general damages in an amount in excess of the minimum jurisdictional limits of this Court, based on the negligence of the Defendants master, servants, representatives, and employee, and based further on the "unseaworthiness" of the vessel, the M/V "F.P. Tower", as set forth heretofore.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein; that upon trial of this cause the Plaintiff have and recover of and from the defendants judgment in an amount in excess of the minimum jurisdictional limits of this Court to compensate him for the injuries he suffered as result of the "negligence" and "gross negligence" of the Defendants their master, agents, officers, servants, and employees, or as a result of the "unseaworthiness". In addition thereto, Plaintiff seeks a judgement for maintenance and cure in an amount which the Defendants were obligated to pay Plaintiff but failed and seeks reasonable attorney fees caused by the action of the Defendants herein, seeks damages in an amount reasonably calculated to compensate him for injuries he suffered as a result of the failure of the Defendants to pay maintenance and cure. Plaintiff seeks pre-judgment interest on any money damages he is awarded at the trial hereon, for costs of Court expended, and for such other further relief, both general and special, at law or in equity, to which he may show himself to justly entitled.

Respectfully submitted on this the 14th day of August, 2001.

CHRISTOPHER LEE PHILLIPPE
Attorney At Law
307-3 McFadden Drive
Brownsville, TX 78520
Telephone: 956-544-6096
Telefax     956-982-1921

By: _____
Christopher Lee Phillippe
State Bar No: 15915400
Fed. I.D. 709