3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 9 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOSE SAUZ ORTIZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. **B- 01-149** |
| § | |
| BUCCANEER SHRIMP § | **JURY DEMANDED** |
| CORPORATION, M/V § | |
| "F.P. TOWER," MARGIE T. § | |
| SMITH, AND LEONOR TOWER, § | |
| § | |
| Defendants. § | |

### DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants **Buccaneer Shrimp Corporation, Margie T. Smith and Leonor Tower** (hereinafter collectively as "Defendants") file their Answer to Plaintiff's Original Complaint and show as follows:

### A. ADMISSIONS AND DENIALS

1. Defendants admit the jurisdictional averments contained in paragraph 1.1 of Plaintiff's Original Complaint.

2. Defendants admit the venue averments contained in paragraph 2.1 of Plaintiff's Original Complaint.

3. Defendants admit the residency averments contained in paragraph 3.1 of Plaintiff's Original Complaint.

49022:984708.1:010902

4. Defendants admit the averments contained in paragraph 3.2 of Plaintiff's Original Complaint.

5. Defendants admit the averments contained in paragraph 3.3 of Plaintiff's Original Complaint.

6. Defendants admit the averments contained in paragraph 3.4 of Plaintiff's Original Complaint.

7. Defendants admit the averments contained in paragraph 4.1 of Plaintiff's Original Complaint.

8. Defendants deny the allegations set forth in paragraph 5.1 of Plaintiff's Original Complaint, wherein Plaintiff alleges he sustained injuries aboard the M/V "F.P. Tower" due to "negligence" or "unseaworthiness." No answer is necessary for the remainder of paragraph 5.1.

9. Defendants admit only the averment contained within paragraph 6.1 of Plaintiff's Original Complaint wherein it is alleged Plaintiff was employed by Buccaneer Shrimp Corporation. All other averments contained in paragraph 6.1 of Plaintiff's Original Complaint are denied.

10. Defendants deny all averments contained in paragraph 6.2 of Plaintiff's Original Complaint.

11. Defendants deny all averments contained in paragraph 6.3 of Plaintiff's Original Complaint.

12. Defendants deny all averments contained in paragraph 7.1 of Plaintiff's Original Complaint, including its sub-parts.

13. Defendants deny all averments contained in paragraph 7.2 of Plaintiff's Original Complaint.

14. Defendants deny all averments contained in paragraph 7.3 of Plaintiff's Original Complaint.

15. Defendants deny all averments contained in paragraph 8.1 of Plaintiff's Original Complaint.

16. Defendants deny all averments contained in paragraph 9.1 of Plaintiff's Original Complaint.

17. Defendants deny that Plaintiff is entitled to judgement or any other relief prayed for in the Prayer contained in Plaintiff's Original Complaint.

18. Defendants further deny each and every allegation contained in Plaintiff's Original Complaint not heretofore admitted or denied.

## B. AFFIRMATIVE DEFENSES

19. Defendants would respectfully show the Court that if Plaintiff was injured as alleged, although not acknowledged, said injuries, were occasioned without the privity or knowledge of the Defendants; however, while the amount of damages is not specifically alleged in the Complaint, it may exceed the amount or value of Defendants' interest in the M/V F.P. TOWER and her freight then pending; and the Defendants invoke the benefits of the provisions of the revised statutes of the United States and the Acts amendatory thereof in Limitation of Shipowners Liability Act, 46 U.S.C. § 183, under which provisions, should the Defendants be held liable for or by any reason, Plaintiff is not entitled to recover damages in a sum greater than the value of the Defendants' interest in the M/V F.P. TOWER and her freight then pending at the time of the alleged injuries.

20. Furthering answering, Defendants would show that punitive damages are barred in a seaman's case. *See Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995).

21. Further answering, Defendants would respectfully show the Court that if Plaintiff was injured as alleged in Plaintiff's Original Complaint, although not acknowledged, said injuries were solely and proximately caused by the failure of Plaintiff to exercise that degree of care for his own safety that a reasonably prudent person, in the exercise of ordinary care, would have done under the same or similar circumstances. Further, and/or in the alternative, such failures on the part of Plaintiff were the proximate cause of Plaintiff's alleged injuries, if any.

22. Further answering, Defendants would respectfully show the Court that if Plaintiff was injured as alleged, although not acknowledged, said injuries were directly and/or proximately caused by the acts and/or omissions of others for whom Defendants are not responsible.

23. Further answering, Defendants would respectfully show the Court that if Plaintiff was inured as alleged, although not acknowledged, said injuries were in no way connected to his employment or service aboard the M/V F.P. TOWER.

24. Further answering, Defendants would respectfully show if Plaintiff has or will have any loss of earning capacity, although not acknowledged, such loss was caused solely or in some degree by some condition of the body, some other injury, or combination thereof that is completely unrelated to the incidents alleged in this lawsuit, or has been and will be solely or in part the result of the Plaintiff's failure to follow the advice, care and treatment of attending doctors.

25. Furthering answering, Defendants would respectfully show that if Plaintiff was injured as alleged, although not acknowledged, such injuries were the result of pre-existing condition(s) suffered by the Plaintiff which were not caused nor contributed to by his employment aboard the M/V F.P. TOWER or by any alleged negligence regarding the alleged unseaworthiness of Defendants' vessel.

26. Further Answering, Defendants would respectfully show the Court that if Plaintiff was injured as alleged, although not acknowledged, it was due to no fault of the owners of the vessel as the owners provided a ship, hull, gear, appliances, tackle, machinery and appurtenances which were reasonably fit for their intended purpose as required under the Doctrine of Seaworthiness.

27. Further Answering, Defendants would respectfully show that the conditions of the vessel and her appurtenances and tackle were at all times seaworthy and any conditions of the vessel about which Plaintiff complains were open and obvious, which a reasonable and prudent seaman assumes as a part of the risks inherent in the life and duties of a seaman.

**WHEREFORE, PREMISSES CONSIDERED**, Defendants **Buccaneer Shrimp Corporation, Margie T. Smith and Leonor Tower** pray that this claim be dismissed with costs and that Defendants have all further relief, at law, in equity or admiralty, to which they may be justly entitled.

Respectfully submitted,

By: _____
James H. Hunter, Jr.
Texas Bar No. 00784311
Federal ID No. 15703
Jon D. Brooks
Texas Bar No. 24004563
Federal ID No. 24936
Attorney For Defendants,
BUCCANEER SHRIMP CORPORATION, MARGIE T. SMITH, AND LEONOR TOWER

Of Counsel:

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**
55 Cove Circle
Brownsville, Texas 78523-3509
Telephone: (956) 542-4377
Telecopier: (956) 542-4370

<u>**Certificate of Service**</u>

I hereby certify that on the \_\_\_9th\_\_\_ day of January, 2002, a true and correct copy of the above and foregoing was served upon opposing counsel via **Certified Mail-RRR** and **Facsimile (956) 982-1921**, as follows:

Christopher Lee Phillippe
Attorney at Law
307-3 McFadden Drive
Brownsville, TX 78520

_____
Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

49022:984708.1:010902

-6-