5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 0 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE SAUZ ORTIZ, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | Civil Action No. <u>B- 01-149</u> |
| | § | |
| BUCCANEER SHRIMP | § | **JURY DEMANDED** |
| CORPORATION, M/V | § | |
| "F.P. TOWER," MARGIE T. | § | |
| SMITH, AND LEONOR TOWER, | § | |
| | § | |
| Defendants. | § | |

## JOINT CASE MANAGEMENT PLAN

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order Setting Conference, Plaintiff **Jose Sauz Ortiz** and Defendants **Buccaneer Shrimp Corporation, Margie T. Smith** and **Leonor Tower** file this Joint Case Management Plan and show as follows:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **Counsel for Plaintiff, Christopher Lee Phillippe, and counsel for Defendants, James H. Hunter, Jr. and Jon D. Brooks, met via teleconference on January 10, 2002.**

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   **None.**

49022:996969.1:011002

3. Specify the allegation of federal jurisdiction.

   **46 U.S.C. § 688(a) (West Supp. 2001) ("Jones Act"); and FED. R. CIV. P. 9(h).**

4. Name the parties who disagree with jurisdiction and the reasons.

   **None.**

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **None at this time.**

6. List anticipated interventions.

   **None at this time.**

7. Describe class-action issues.

   **None.**

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **Both parties will make their respective Rule 26(a) disclosures within fourteen (14) days from the date of the Joint Case Management Plan.**

49022:996969.1:011002

-2-

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   **The parties anticipate full cooperation and utilizing reasonable means of discovery to ascertain the underlying facts and causes of the alleged injury and damages.**

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   **Plaintiff anticipates sending interrogatories to Defendants within sixty (60) days.**

   C. When and to whom the defendant anticipates it may send interrogatories.

   **Defendants anticipate sending interrogatories to Plaintiff within one hundred and twenty (120) days.**

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

   **Plaintiff intends to take the oral depositions of (1) Buccaneer Shrimp Corporation's Corporate representative(s), (2) Margie T. Smith, (3) Leonor Tower, (4) any and all employee(s) officer(s) or agents of Buccaneer Shrimp Corporation knowledgeable about the voyage at issue and any post-incident investigation, and (5) the crew of M/V F. P. Tower at the time of the incident alleged. Plaintiff anticipates these fact depositions could be completed by April 1, 2002.**

   E. Of whom and by when the defendant anticipates taking oral depositions.

   **Defendants intend to take the oral depositions of: (1) Jose Sauz Ortiz, (2) any and all employee(s) officer(s) or agents of Buccaneer Shrimp Corporation, including the boat captain, knowledgeable about the voyage at issue and any post-incident investigation, (3) the crew of M/V F. P. Tower at the time of the incident alleged, (4) Dr. Raul Garza, (5) Dr. Ruben Pechero, and (6) Dr. Herman Keillor.**

    **Defendants expect that these fact depositions could be completed by May 1, 2002.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

  **Plaintiff has the burden of proof on his seaman's claims of negligence, gross negligence, and unseaworthiness. Plaintiff will be able to designate experts and provide the reports required by R. 26(a)(2)(B) by April 1, 2002.**

  **Defendants have the burden of proof on their affirmative defenses. Defendants will be able to designate experts, if any, and provide the reports required by R.26(a)(2)(b) by May 1, 2002.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

  **Plaintiff anticipates taking the depositions of medical experts retained by Plaintiff and that these depositions could be completed by April 1, 2002.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

  **Defendants anticipate taking the depositions of medical experts retained by Plaintiff and/or Defendants and that these depositions could be completed by May 1, 2002.**

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

  **The parties are agreed on the discovery plan.**

49022:996969.1:011002  -4-

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

   **None.**

12. State the date the planned discovery can reasonably be completed.

   **Fact discovery can reasonably be completed by May 1, 2002. Expert discovery can reasonably be completed by May 1, 2002.**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   **The parties have discussed mediation prior to engaging in formal discovery but have not reached an agreement in this respect.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

   **The parties have discussed informal exchanges of information as well as reasonable cooperation in discovery matters.**

15. From the attorneys' discussions with their respective clients, state the alternative dispute resolution techniques that are reasonably suitable.

   **Mediation appears to be the most suitable ADR method.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   **Both parties do consent to a trial before a magistrate judge.**

49022:996969.1:011002

-5-

Respectfully submitted,

_____
Christopher Lee Phillippe
Texas Bar No. 01629800
S.D. Tex. Adm. I.D. No. 709
307-3 McFadden Drive
Brownsville, Texas 78520
Telephone: (956) 544-6096
Facsimile: (956) 982-1921
***Attorney-in-Charge for Plaintiff***
***Jose Sauz Ortiz***


_____
James H. Hunter, Jr.
Texas Bar No. 00784311
S.D. Tex. Adm. I.D. No. 15703
Jon D. Brooks
Texas Bar No. 24004563
S.D. Tex. Adm. I.D. No. 24936
55 Cove Circle
P.O. Box 3509
Brownsville, TX 77523-3509
Telephone: (956) 542-4377
Facsimile: (956) 542-4370
***Attorneys-in-Charge for Defendants***
***Buccaneer Shrimp Corporation, Margie***
***T. Smith, and Leonor Tower***

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

17. State whether a jury demand has been made and if it was made on time.

    **A jury has been requested and was timely.**

18. Specify the number of hours it will take to present the evidence in this case.

    **The parties anticipate that trial could be completed in 8 to 16 hours.**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **None.**

20. List other motions pending.

    **None.**

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **None at this time.**

22. List the names, bar numbers, addresses and telephone numbers of *all* counsel.

    **See below.**